IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN JETTE and BARBARA ANN JETTE, individuals,

        Plaintiffs,

    v.

ORANGE COUNTY FINANCIAL, INC., et al.,

        Defendants.

2:08-cv-01767-GEB-EFB

ORDER[*]

On June 11, 2008, Defendant MortgageIT, Inc. ("MortgageIT") filed a motion to dismiss Plaintiffs' claims against it under Federal Rules of Civil Procedure 12(b)(6).[1] Plaintiffs' claims concern a variable rate loan that they obtained from MortgageIT to refinance their home.

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] The standard for dismissal under Federal Rules of Civil Procedure 12(b)(6) is well known and need not be repeated here.

1

1    MortgageIT seeks dismissal of Plaintiffs' Truth in Lending
2 Act ("TILA") claim, arguing Plaintiffs' calculations showing the
3 inaccuracies of the TILA disclosure MortgageIT provided to them are
4 speculative and incomprehensible.  Plaintiffs counter their
5 calculations are not speculative since their calculation allegations
6 are based on the assumption that the Index rate, upon which the
7 interest rate for their variable rate loan was calculated, would
8 remain the same and this same assumption is made in the TILA
9 disclosure.  TILA requires the creditor of a loan to accurately
10 disclose certain terms of the loan, including the annual percentage
11 rate ("APR"), payment schedule, and total of payments, before the
12 closing of a loan transaction.  12 C.F.R. §§ 226.17, 226.18.
13 MortgageIT has not shown Plaintiffs' allegations are insufficient to
14 withstand the dismissal motion; therefore, this portion of the motion
15 is denied.
16    MortgageIT also seeks dismissal of Plaintiffs' fraud and
17 conspiracy claim, arguing Plaintiffs have not alleged they relied on
18 any statements made by MortgageIT.  Plaintiffs allege MortgageIT
19 contributed to or authorized the misrepresentations made by the other
20 Defendants.  (Compl. ¶ 13.)  However, Federal Rules of Civil Procedure
21 9 (b) requires a plaintiff alleging a fraud claim to "state with
22 particularity the circumstances constituting fraud."  "In the context
23 of a fraud suit involving multiple defendants, a plaintiff must, at a
24 minimum, 'identif[y] the role of [each] defendant[] in the alleged
25 fraudulent scheme." Swartz v. KPMG LLG, 476 F.3d 756, 765 (9th Cir.
26 2007) (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531,
27 541 (9th Cir. 1989)).  Since Plaintiffs have not alleged MortgageIT's
28

1 involvement in the alleged fraud with particularity, this portion of
2 MortgageIT's motion is granted.
3      MortgageIT also seeks dismissal of Plaintiffs' breach of
4 fiduciary duty claim, arguing there was no fiduciary relationship
5 between MortgageIT, a bank, and Plaintiffs, its loan customers.
6 Plaintiffs counter that a fiduciary relationship exists, citing <u>Wyatt
7 v. Union Mortgage Co.</u>, 24 Cal. 3d 773, 784 (1979), <u>Commercial Cotton
8 Co. v. Unified California Bank</u>, 163 Cal. App. 3d 511 (Cal. App. 1985),
9 and <u>Barrett v. Bank of America</u>, 183 Cal. App. 3d 1362 (Cal. App.
10 1986).  However, <u>Wyatt</u> is distinguishable.  In <u>Wyatt</u>, the California
11 Supreme Court found a fiduciary duty between borrowers and a mortgage
12 loan broker since the borrowers "retained [the] mortgage loan broker
13 to negotiate for them highly complex loan terms . . . ."  <u>Wyatt</u>, 24
14 Cal. 3d at 784.  The Supreme Court stated in that situation, the
15 borrowers "may be assumed to have justifiably relied on the latter's
16 expertise."  <u>Id.</u>  However, Plaintiffs' allegations are insufficient
17 for this rationale to apply to their claim.
18      Further, <u>Commercial Cotton</u> was overruled by <u>Copesky v.
19 Superior Court of San Diego County</u>, 229 Cal. App. 3d 678, 688-89 (Cal.
20 App. 1991), based on the reasoning in <u>Foley v. Interactive Data Corp.</u>,
21 47 Cal. 3d 654, 683-84 (1988).  The <u>Copesky</u> court held,

> There is no question but that the decision in
> <u>Foley</u> redirects the course of law in the area of
> tort recovery for breach of commercial contracts
> . . . .
>
>     The <u>Foley</u> decision did not reference
> commercial banking activities nor did it cite
> <u>Commercial Cotton</u>.  We are most satisfied,
> however, that if the <u>Foley</u> court were to apply the
> same reasoning to the commercial banking business
> which it applied to employment contracts it would
> conclude that, in the usual case, the "special
> relationship" found in insurance cases . . . would
> be lacking.

3

>Post-<u>Foley</u> Court of Appeal decisions would appear to agree with this conclusion. Our own court, in an opinion written by the same justice who authored <u>Commercial Cotton</u>, in <u>Mitsui Manufacturers Bank v. Superior Court</u> (1989) 212 Cal. App. 3d 726, 729, stated: "We reject real parties' argument that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationships between the parties, should encompass normal commercial banking transactions." In an extended and scholarly opinion the court in <u>Careau & Co. v. Security Pacific Business Credit, Inc.</u> (1990) 222 Cal. App. 3d 1371, found no "special relationship" to exist in the bank-borrower situation. (<u>See also</u> <u>Lee v. Bank of America</u> (1990) 218 Cal. App. 3d 914.)
>
>The most directly applicable current authority is <u>Price v. Wells Fargo Bank</u> (1989) 213 Cal. App. 3d 465 (hereinafter <u>Price</u>). In that case an action was brought against the bank by a commercial borrower, who complained that the bank's refusal to extend the terms of loans caused forced liquidation of assets and financial loss. One of the principal causes of action (dismissed on summary judgment by the trial court) was an action in tort for breach of the implied covenant, brought specifically in reliance upon the authority of <u>Commercial Cotton</u>. The court rejected the decision and reasoning of <u>Commercial Cotton</u> . . . and held rather simply that no contractual implication can be made in a bank's lending contract which precludes it from foreclosing in accordance with the terms of the contract. Referring to <u>Foley</u>, the Price court stated that "The impact of the <u>Foley</u> decision cannot be assessed with certainty [but] [t]he decision surely precludes the sort of loose extension of tort recovery, based on 'quasi-fiduciary' relationship, sanctioned in [<u>Commercial Cotton</u>] . . . ." (<u>Price</u>, 213 Cal. App. 3d at 478.)

<u>Id.</u> at 689-90; <u>see also</u> <u>Cates Constr., Inc. v. Talbot Partners</u>, 21 Cal. 4th 28, 46 n.9 (1999) (recognizing that <u>Copesky</u> overruled of <u>Commercial Cotton</u>).

Lastly, the <u>Barrett</u> court found that a quasi-fiduciary relationship exists between a bank and its loan customers, relying on the reasoning of <u>Commercial Cotton</u>. <u>Barrett</u>, 183 Cal. App. 3d at

4

1369.  However, the post-Foley decision in Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989), criticized Commercial Cotton and Barrett as being "inconsistent with both past authority and current trends in the law."  Price concluded that a bank does not owe a fiduciary duty to its loan customers.  Id.

Since Plaintiffs have not alleged facts sufficient to state a breach of fiduciary duty claim against MortgageIT, this portion of MortgageIT's motion is granted.

MortgageIT also seeks dismissal of Plaintiffs' claim under the Elder Abuse Act, arguing there is no "financial abuse" under this Act.  "Financial abuse of an elder . . . occurs when a person or entity [,among others things,] takes real . . . property of an elder or dependent adult to a wrongful use or with intent to defraud, or both."  Cal. Welf. & Inst. Code § 15610.30(a).  MortgageIT argues its arms-length commercial transaction with Plaintiffs does not constitute a "taking."  Plaintiffs counter MortgageIT's wrongful practices in the loan transaction constitute a "taking" under the Act, relying on the following allegations.  Seventy-four year old Plaintiff Barbara Ann Jette was duped into taking a loan that had a higher variable interest rate than she expected.  On the day the loan was closed, a notary met Barbara at her home and gave her 170 pages of closing papers.  Barbara was then unable to concentrate and kept falling asleep.  Yet the notary persisted in having Barbara rush through the process. MortgageIT has not shown that these allegations are insufficient to state a claim for "financial abuse" under the Act.

MortgageIT also seeks dismissal of Plaintiffs' claim for violation of California Business and Professions Code § 17200, which prohibits "unfair competition," defined as including "any unlawful,

1  unfair or fraudulent business act or practice." MortgageIT argues
2  Plaintiffs' allegations are insufficient to withstand the motion.
3  However, since Plaintiffs have alleged claims under TILA and the Elder
4  Abuse Act, this portion of MortgageIT's motion is denied.
5          For the reasons stated, the portions of MortgageIT's motion
6  seeking to dismiss Plaintiffs' claims for fraud and conspiracy to
7  defraud, and breach of fiduciary duty is granted; the remainder of
8  MortgageIT's motion is denied.  If Plaintiffs opine any dismissed
9  claim can be amended to state an actionable claim, they are granted
10 ten (10) days from the date on which this Order is issued to file an
11 amended Complaint.
12 Dated:  November 21, 2008

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge