IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals, | |
| Plaintiffs, | 2:08-CV-1767-GEB-EFB |
| v. | ORDER GRANTING THE FDIC'S MOTION TO DISMISS* |
| ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC Federal Bank, F.S.B.; TIEMPO ESCROW, INC., a corporation; JERRY INDES, an individual; MR. MINUS, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

On October 29, 2009, Defendant Federal Deposit Insurance Corporation (the "FDIC"), Receiver for IndyMac Bank, F.S.B. and IndyMac Federal Bank, FSB, filed a motion under Federal Rule of Civil Procedure 12(b)(1) in which it seeks to dismiss Plaintiffs' claim under the Truth in Lending Act ("TILA") for lack of subject matter jurisdiction, or alternatively, for failure to state a claim under

---

* This matter is deemed to be suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

Federal Rule of Civil Procedure 12(b)(6). (Docket No. 145.) For the reasons stated below, the motion is GRANTED.

I.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Plaintiff has the burden of demonstrating that federal subject matter jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

A "[r]ule 12(b)(1) jurisdictional attack[] can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, the FDIC's jurisdictional attack is factual since the FDIC relies on extrinsic evidence outside of the pleadings in support of its argument that Plaintiffs' TILA claim is time barred. See id. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment . . . . Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (citation omitted.)

//

II. <u>Background</u>

On April 3, 2008, Plaintiffs' filed a complaint in the district court for the Southern District of California, alleging federal and state claims against Defendants, including a claim under TILA against Defendant IndyMac Bancorp., Inc. ("IndyMac Bancorp"). The case was transferred from the Southern District of California to this federal district court in the Eastern District of California on July 30, 2008. IndyMac Bancorp, however, filed a Chapter 7 bankruptcy petition in United States' Bankruptcy Court in the Central District of California on July 31, 2008. (Not. of Filing for Bankruptcy.) As a result of IndyMac Bancorp's bankruptcy filing, on September 19, 2008, the parties stipulated to voluntarily dismiss IndyMac Bancorp from this action under Federal Rule of Civil Procedure 41(a)(1).

On July 11, 2008, the Office of Thrift Supervision ("OTS"), an agency of the Treasury Department that regulates savings banks, issued an order closing IndyMac Bank, F.S.B., and appointing the FDIC as that bank's receiver. (Stipulation to Substitute Real Parties in Interest, Ex. A.) That same day, the OTS chartered a new institution, IndyMac Federal Bank, FSB, and appointed the FDIC as the conservator to operate the new financial institution. (<u>Id.</u>)

On an unknown date, Plaintiffs filed a proof of claim with the FDIC, as the receiver for IndyMac Bank, F.S.B., seeking to rescind their loan under TILA. (Golden Decl., Ex. A).[1] In a letter dated November 5, 2008, and received by Plaintiffs' Counsel on November 10, 2008, the FDIC notified Plaintiffs that their claim had been

---

[1] Specifically, Plaintiffs' proof of claim states the "description of claim" as "IndyMac Bank, F.S.B. currently holds a loan that was procured by fraud and claimants have a right to have the loan rescinded pursuant to TILA." (Golden Decl., Ex. A.)

1 disallowed. (Mallory Decl., Exs. A, C.)  The FDIC's letter further
2 stated:

> Pursuant to 12 U.S.C. Section 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice.

(Id.)

On March 5, 2009, Plaintiffs filed a first amended complaint in this action, in which they allege a TILA claim against IndyMac Federal Bank FSB.  On March 19, 2009, the OTS issued an order appointing the FDIC as the receiver, instead of conservator, of IndyMac Federal Bank, FSB. (Stipulation to Substitute Real Parties in Interest, Ex. B.) Subsequently, the parties filed a stipulation and order in this case, which was entered on May 22, 2009, substituting "the FDIC, as Receiver for IndyMac Federal Bank, FSB and as Receiver for IndyMac Bank, F.S.B."  On October 29, 2009, the FDIC filed a motion to dismiss Plaintiffs' TILA claim under Rules 12(b)(1) and 12(b)(6).

III.  Discussion

The FDIC argues Plaintiffs' TILA claim is time barred under 12 U.S.C. § 1821(d)(6), and therefore the court lacks jurisdiction over the claim.  Plaintiffs counter their TIlA claim is not time barred because the applicable statute authorizes them to continue litigating their claim in this lawsuit since this case was filed before the FDIC was appointed receiver. (Opp'n. 1.)

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. ("FIRREA"), 12 U.S.C. § 1821(d)(3)-(13), establishes "a comprehensive statutory scheme

1  granting [the] FDIC authority to act as Receiver for failed financial
2  institutions, [and] create[s] a statutory procedure for the processing
3  of claims against the FDIC." Ramos v. NDEX West, LLC, No. 1:09-CV-
4  00190 OWW GSA, 2009 WL 1675911, at *2 (E.D. Cal. June 1, 2009)(citing
5  12 U.S.C. §§ 1821(d)(3)-(13)).  The statutory process requires all
6  claims against a failed financial institution to be submitted to the
7  FDIC within 90 days of the FDIC's mailing of a claims form.  12 U.S.C.
8  § 1821(d)(3)(B).  Upon receipt of a claim, the FDIC has 180 days to
9  review the claim and decide whether to allow or disallow the claim.
10 12 U.S.C. § 1821(d)(5)(A)(I).
11      If the FDIC disallows a claim, the claimant has sixty days from
12 the "date of any notice of disallowance" to either "request
13 administrative review of the claim . . . or file suit on such claim
14 (or continue an action commenced before the appointment of the
15 receiver) in the district . . . court of the United States for the
16 district within which the depository institution's principal place of
17 business is located or the United States District Court for the
18 District of Columbia . . . ."  12 U.S.C. § 1821(d)(6)(A)(ii).
19 However, if the claimant fails to file suit on such claim, or continue
20 an action commenced before the appointment of the receiver, "before
21 the end of the 60-day period" "the claimant shall have no further
22 rights or remedies with respect to such claim."  12 U.S.C. §
23 1821(d)(6)(B)(ii).  Specifically, Section 1821(d)(6)(B)(ii) provides:
24 "[i]f any claimant fails to . . . file suit on such claim (or continue
25 an action commenced before the appointment of the receiver), before
26 the end of the 60-day period described in [Section 1821(d)(A)], the
27 claim shall be deemed to be disallowed . . . as of the end of such
28 period, such disallowance shall be final, and the claimant shall have

1  no further rights or remedies with respect to such claim." 12 U.S.C.
2  § 1821(d)(6)(B)(ii).
3       The FDIC argues it disallowed Plaintiffs' claim on November 5,
4  2008, and Plaintiffs' failed to request a second administrative
5  review, file a new lawsuit or continue previously commenced litigation
6  within the sixty day statutory period as required.  (Mot. to Dismiss
7  7:19-22.)  The FDIC asserts Plaintiffs' TILA claim is therefore
8  barred under Section 1821(d)(6)(B)(ii).  Plaintiffs rejoin citing 12
9  U.S.C. § 1821(d)(5)(F)(ii), which states "[t]he filing of a claim with
10 the receiver shall not prejudice any right of the claimant to continue
11 any action which was filed before the appointment of a receiver."
12 (Opp'n. 3:15-23.)
13      This section, however, does not support Plaintiffs' argument, and
14 Plaintiffs have not demonstrated that the time limitations in Section
15 1821(d)(6) are inapplicable.  Plaintiffs also rely on FDIC v. Grillo
16 for support. 788 F. Supp. 641 (D.N.H. 1992).  The Grillo court
17 interpreted FIRREA as providing a "duality of remedies when a lawsuit
18 is filed prior to appointment of the FDIC receiver," including
19 "pursu[ing] [the] court action simultaneously with the administrative
20 claims resolution process," but Grillo does not suggest that once the
21 statutory claims process is invoked and a claim is disallowed, the
22 time limitations in Section 1821(d)(6) are inapplicable.  In fact,
23 Grillo suggests just the opposite where it states: "[if] the
24 administrative claims procedure is followed and the claim is
25 disallowed, Congress has provided the claimant with ample review
26 procedures . . . ." Id. at 647.  Since the statute prescribes that
27 upon the disallowance of a claim, any litigation commenced before the
28 appointment of the receiver must be continued within the sixty day

1 period, Plaintiffs' argument is unsupported and unpersuasive. See 12
2 U.S.C. § 1821(d)(6)(A)(ii).
3   The FDIC disallowed Plaintiffs' claim on November 5, 2008.
4 (Mallory Decl., Ex. A.) Therefore, under Section 1821(d)(6),
5 Plaintiffs had until January 4, 2009, to the continue pre-receivership
6 litigation in this action. See Yumukoglu v. Resolution Trust Corp.,
7 No. 91-4520, 1992 WL 236939, at *1 (E.D. La. Sept. 1, 1992)(stating
8 that "[t]he date of the notice of disallowance, not the date that
9 notice is mailed or received commences the 60 day period . . . .").
10 At the time Plaintiffs' proof of claim was disallowed, IndyMac Federal
11 Bank, FSB and the FDIC were not parties in this case, and IndyMac
12 Bancorp had been dismissed. Plaintiffs' argue that by alleging a
13 claim against IndyMac Federal Bank, FSB in their first amended
14 complaint, which was filed on March 5, 2009, they properly continued a
15 lawsuit commenced before the appointment of the FDIC as receiver.
16 However, Plaintiffs' first amended complaint was filed well outside of
17 the sixty day time period.
18   Plaintiffs' failure to act within the sixty day statutory time
19 period is fatal to their TILA claim against the FDIC. See Freeman v.
20 Resolution Trust Corp., No. C-93-4215-VRW, 1994 WL 398515, at *3 (N.D.
21 Cal. July 20, 1994)(dismissing claims filed outside of sixty day
22 statutory period). Since the court "has no jurisdiction over claims
23 filed outside of the [sixty]-day statute of limitations mandated by
24 § 1821(d)(6)(B)," Plaintiffs' TILA claim against the FDIC is
25 dismissed. Freeman, 1994 WL 398515, at *3.
26 //
27 //
28 //

7

IV. <u>Conclusion</u>

For the stated reasons, the FDIC's motion to dismiss is GRANTED and Plaintiffs' TILA claim against the FDIC is dismissed with prejudice.  The FDIC is dismissed as a party in this action.

Dated:  December 14, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge