IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals, | |
| Plaintiffs, | 2:08-cv-01767-GEB-KJN |
| v. | ORDER DENYING SUSAN JETTE'S MOTION FOR RECONSIDERATION AND GRANTING MORTGAGEIT'S MOTION TO DISMISS[*] |
| ORANGE COUNTRY FINANCIAL, INC., a corporation; MORTGAGEIT, INC. a corporation; INDYMAC FEDERAL BANK, FSB; TIEMPO ESCROW II, a corporation; JERRY INDES, an individual; MR. MINGUS, an individual, | |
| Defendants. | |

On May 21, 2010, Plaintiff Susan Jette ("Susan") filed a motion for reconsideration under Local Rule 230(j), requesting this Court reconsider its order filed on May 7, 2010, which denied her motion to substitute brought under Federal Rule of Civil Procedure 25(a)(1) ("Rule 25(a)(1)"). (Docket No. 173.) Susan moved to be substituted in place of her mother, Plaintiff Barbara Ann Jette ("Barbara"), who passed away on September 25, 2009 during the pendency

---

[*] This matter is deemed to be suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

of this action. Susan's substitution motion, however, was denied because she did not provide evidence demonstrating that she was a proper party for substitution under Rule 25(a)(1).

Susan's pending motion requests reconsideration of that denial because she has located her mother's testamentary documents, which purportedly show she is a proper party for substitution under Rule 25(a)(1). Defendant MortgageIT, Inc. ("MortgageIT") opposes Susan's reconsideration motion, arguing Susan "has failed to establish that [the] testamentary documents are 'new evidence' for the purposes of reconsideration" and that Susan did not exercise reasonable diligence in attempting to locate her mother's testamentary documents prior to filing her substitution motion.[1] (Opp'n to Mot. for Reconsideration 1:8-10, 16-28.) MortgageIT also separately moves to dismiss Barbara's claims under Rule 25(a)(1). (Docket No. 174.) For the reasons stated below, Susan's motion for reconsideration is DENIED and MortgageIT's dismissal motion is GRANTED.

## I. BACKGROUND

Plaintiffs Barbara Ann Jette and Susan Jette initiated this lawsuit on April 3, 2008. Barbara, however, passed away on September 25, 2009. MortgageIT filed a statement noting Barbara's death on February 24, 2010. Subsequently, Susan filed a motion under Rule 25(a)(1) on April 1, 2010, in which she stated she was the executor of her mother Barbara's estate and sought to be substituted in Barbara's place to continue litigating Barbara's claims.

---

[1] Defendants Jeremy Indes, Orange County Financial and Jason George Menges, who is allegedly erroneously sued as "Mr. Mingus," seek to join in MortgageIT's opposition to Susan Jette's motion for reconsideration. (Docket Nos. 177, 178.) Since this joinder is unopposed, these Defendants' requests to join in MortgageIT's opposition are granted.

2

Susan filed a declaration in support of her substitution motion, in which she declared that "[o]n June 11, 2008, [her] home was destroyed by a fire [and] [t]he fire destroyed all testamentary documents executed by [her] mother including her will and power of attorney." (Susan Jette Decl. Mar. 26, 2010 ¶ 6.) Susan further declared "[i]t was [her] mother's intention to appoint [her] as the executor and representative of her estate for all her property [and she has] . . . acted as the executor and representative of [her] mother's estate for all her property." (Id. ¶ 7.)

Susan's substitution motion was denied in an order filed on May 7, 2010, because Susan's "averments . . . d[id] not demonstrate that, under California law, she [was] either the 'successor in interest' or 'legal representative' for her mother and a proper party for substitution." (Docket No. 172 3:5-8.)

Susan moved for reconsideration of this May 7, 2010 order on May 21, 2010, based on her declaration that she "accidentally" discovered her mother's last will and testament and power of attorney on May 6, 2010. (Susan Jette Decl. May 20, 2010 ¶¶ 6, 12-13.) Susan explains in the declaration attached to her reconsideration motion that prior to filing her substitution motion, she "had believed that [her mother's] original [last will and testament] . . . were destroyed by [a] fire" on property where she lived with her mother; however, Susan also declares she decided to look through all [her] mother's belongings to confirm [her] suspicion that no copies existed." (Id. ¶¶ 8, 9). Susan declares she "searched through all the banker boxes, file cabinets and file folders [and] did not find the original or copies [of her mother's testamentary documents,] and informed [her]

1 lawyer that he would have to file the [substitution] motion without
2 the testamentary documents." (Id. ¶ 10.)
3 However, Susan also declares that "[o]nce [she] started
4 sifting through [her] mother's belongings [she] never really stopped
5 and continued to go through everything that had survived the fire."
6 (Id. ¶ 11.)  Susan further explains that after filing her substitution
7 motion, "she accidentally happened upon" her mother's testamentary
8 documents "in a woman's make-up kit in the storage shed" outside of
9 the house she had shared with her mother. (Id. ¶¶ 6, 12-13.)  Susan
10 declares that "[p]ursuant to [her mother's] last will and testament
11 [she] was appointed as the Independent Executor . . . and ha[s]
12 authority to substitute in for [her] mother . . . ." (Id. ¶ 17.)

## II.  LEGAL STANDARD

Susan seeks reconsideration under the Court's inherent power and Local Rule 230(j).  However, there is no need to decide whether Susan's motion can be decided under the Court's inherent authority since Federal Rule of Civil Procedure 60(b)(2) ("Rule 60(b)(2)") states in pertinent part: "On motion and just terms, the court may relieve a party . . . from a[n] . . . order . . . for newly discovered evidence, that with reasonable diligence, could not have been discovered . . . ."  "Relief from [an order] on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the [motion]." Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir.

2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)); see also Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) (stating that a party moving under Rule 60(b)(2) "is obliged to show that [the] evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing"). However, "[e]vidence is not newly discovered . . . if it was in the moving party's possession at the time of [the initial substitution motion] or could have been discovered with reasonable diligence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 n.6 (9th Cir. 1994) (citing Coastal Transfer, 833 F.2d at 211).

Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)") also allows for reconsideration of a final order for "any other reason justifying relief . . . ." However, decisions "are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous [decision]." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1033 (9th Cir. 2006). Therefore, "a party who moves for relief [under Rule 60(b)(6)] must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in proper fashion." Id. (quotations and citations omitted).

Further, Local Rule 230(j) requires that a party moving for reconsideration provide an affidavit or brief "setting forth . . . what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what

other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 230(j). Local Rule 230(j), however, does not provide an independent basis for seeking reconsideration; rather, it merely prescribes the information that must be provided when a party moves for reconsideration.

### III. SUSAN JETTE'S RECONSIDERATION MOTION

Susan argues her substitution motion should be reconsidered because she "made her best attempt to find [her mother's testamentary] documents prior to the original motion." (Reply in Supp. of Mot. for Reconsideration 2:22.) MortgageIT counters that the testamentary documents are not "newly discovered" evidence since they were in Susan's possession at the time she filed her initial motion; Susan has not shown she could not have located these documents through reasonable diligence prior to filing her initial substitution motion; nor has she shown that the testamentary documents would change the outcome of her substitution motion. (Opp'n to Mot. for Reconsideration 1:16-28.)

Susan has not shown that her mother's testamentary documents are "newly discovered" evidence under Rule 60(b)(2) since these documents were on her property at the time she filed her initial substitution motion. See Cachil Dehe Band of Wintun Indians v. California, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (stating that "[f]or the purposes of a motion for reconsideration, evidence is not 'new' if it was in the moving party's possession"). Susan discovered the documents in a storage shed on the property she shared with her mother. "[T]he failure to file documents in an original motion . . . does not turn the late filed documents into 'newly discovered'

6

1  evidence." Shalit v. Coppe, 182 F.3d 1124, 1132 (9th Cir. 1999)
2  (quotations and citations omitted).
3       Nor has Susan demonstrated that she exercised reasonable
4  diligence in attempting to locate her mother's testamentary documents
5  prior to filing her substitution motion.  Susan did not previously
6  explain what attempts she made to locate her mother's testamentary
7  documents; rather, when she moved for substitution, she merely
8  declared that a "fire destroyed all [of the] testamentary documents."
9  (Susan Jette Decl. Mar. 26, 2010 ¶ 6.)  Susan declares in the
10 declaration attached to her reconsideration motion, that prior to
11 filing her substitution motion, she "searched through all the banker
12 boxes, file cabinets and file folders [and] did not find" her mother's
13 testamentary documents.  (Susan Jette Decl. May 20, 2010 ¶ 10.)  Susan
14 also declares that "[o]nce [she] started sifting through [her]
15 mother's belongings [she] never really stopped and continued to go
16 through everything that had survived the fire."  (Id. ¶ 11).  Susan
17 further declares that after her substitution motion had been submitted
18 to the Court, she "accidentally happened upon" her mother's
19 testamentary documents in the shed outside of her home.  (Id. ¶ 13.)
20      Susan's averments, however, are insufficient to demonstrate
21 that she exercised reasonable diligence in attempting to locate her
22 mother's testamentary documents prior to filing her substitution
23 motion.  Susan has not adequately explained why she failed to engage
24 in a more thorough search prior to filing her substitution motion.
25 See Fredrick S. Wyle Prof'l Corp., 764 F.2d at 609 (stating that
26 movant obliged to show he or she "could not with reasonable diligence
27 have discovered and produced such evidence at the hearing"); see also
28 Graves v. Johnson Control World Servs., Inc., No. C-05-1772 SC, 2006

1  WL 1308056, at *1 (N.D. Cal. May 11, 2006) (stating that "the
2  proffering party must have acted with due diligence in attempting to
3  discover the evidence").  Since Barbara passed away on September 25,
4  2009, and Susan's substitution motion was filed on April 1, 2010, a
5  more sufficient explanation should have been provided as to why the
6  testamentary documents were not found earlier.  Further, since Susan
7  declares that she "never really stopped" looking for her mother's
8  testamentary documents and continued to go through everything that had
9  survived the fire," it is unclear what she means when she declares she
10 "accidentally happened upon" them.  Susan, therefore, has not shown
11 that she could not have discovered the testamentary documents with
12 reasonable diligence before she filed her Rule 25(a)(1) motion on
13 April 1, 2010.
14       Lastly, Susan has neither argued nor provided "extraordinary
15 circumstances" warranting relief under Rule 60(b)(6).  Latshaw, 452
16 F.3d at 1103.  This Rule is "used sparingly as an equitable remedy to
17 prevent manifest injustice and is to be utilized only where
18 extraordinary circumstances prevented a party from taking timely
19 action . . . " Id. (quotations and citation omitted).
20       Since Susan has not satisfied her burden of demonstrating
21 that her reconsideration motion should be granted, it is denied.
22              **IV.  MORTGAGEIT'S DISMISSAL MOTION**
23       MortgageIT argues the claims asserted by Barbara Ann Jette
24 should be dismissed since "no party has properly moved to substitute
25 . . . within the 90-day period provided by Rule 25(a)(1) . . . ."
26 (MortgageIT Mot. to Dismiss 3:20-22.)  Susan responds that "[i]f the
27 court grants [her] motion for reconsideration, Defendant MortgageIT's
28

motion to dismiss should be denied."  (Opp'n to Mot. to Dismiss 1:26-27.)

   Rule 25(a)(1) allows "any party or . . . [a] decedent's successor or representative" to move for substitution within 90 days of service of a statement noting the death of a party.  Fed. R. Civ. P. 25(a)(1).  "If [a substitution] motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Id.

   MortgageIT filed a statement noting Barbara's death on February 24, 2010.  Therefore, the ninety-day period elapsed on May 28, 2010.  See Fed. R. Civ. P. 5(b)(2)(E) & 5(b)(3) (allowing for service by filing on docket) & Fed. R. Civ. P. 6(d) (allowing for 3 additional days when served under Fed. R. Civ. P. 5(b)(2)(E)).  Since no party was properly substituted prior to the lapse of the ninety-day period, the claims asserted by Barbara Ann Jette must be dismissed under Rule 25(a)(1).  Therefore, MortgageIT's motion to dismiss these claims is granted.

## V.  CONCLUSION

   For the reasons stated above, Susan Jette's motion for reconsideration is DENIED and MortgageIT's motion to dismiss Barbara Ann Jette's claims under Rule 25(a)(1) is GRANTED, and the claims alleged by deceased Plaintiff Barbara Ann Jette are DISMISSED.

Dated:  August 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge