```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


SUSAN JETTE, individual,              )
                                      )    2:08-cv-01767-GEB-KJM
              Plaintiff,              )
                                      )
         v.                           )    ORDER DENYING CROSS-CLAIM
                                      )    DEFENDANTS JOSEPHINE HANSON
ORANGE COUNTY FINANCIAL, INC., a      )    AND SURETY BONDING COMPANY OF
corporation; MORTGAGEIT, INC., a      )    AMERICA'S APPLICATIONS FOR A
corporation; JERRY INDES, an          )    DETERMINATION OF GOOD FAITH
individual; and MR. MINGUS, an        )    SETTLEMENT AND GRANTING JASON
individual,                           )    MENGES' MOTION TO CONTEST**
                                      )
              Defendants.*            )
_____ )
                                      )
TIEMPO ESCROW II, a California        )
corporation,                          )
                                      )
              Cross-Claimant,         )
                                      )
         v.                           )
                                      )
ORANGE COUNTY FINANCIAL, INC., a      )
corporation; MORTGAGEIT, INC., a      )
corporation; JERRY INDES, an          )
individual; MR. MINGUS, an            )
individual; JOSEPHINE HANSON, an      )
individual; JAMES FIGGER, an          )
individual dba FIRMA SIGNING          )
SOLUTIONS; SURETY BONDING             )
COMPANY OF AMERICA, a South           )
Dakota corporation and DOES 1         )
through 10, inclusive,                )
                                      )
              Cross-Defendants.       )
_____ )
                                      )
JASON GEORGE MENGES, an               )
individual,                           )
                                      )
```

1

|   |   |   |
|---|---|---|
| 1 | Cross-Claimant, | ) |
| 2 | | ) |
|   | v. | ) |
| 3 | | ) |
|   | ORANGE COUNTY FINANCIAL, INC., a | ) |
| 4 | corporation; MORTGAGEIT, INC., a | ) |
|   | corporation; JERRY INDES, an | ) |
| 5 | individual; JOSEPHINE HANSON, an | ) |
|   | individual; JAMES FIGGER, an | ) |
| 6 | individual dba FIRMA SIGNING | ) |
|   | SOLUTIONS; SURETY BONDING | ) |
| 7 | COMPANY OF AMERICA, a South | ) |
|   | Dakota Corporation; and DOES 1- | ) |
| 8 | 10, inclusive, | ) |
|   | | ) |
| 9 | Cross-Defendants. | ) |
|   | _____ | ) |

Cross-claim Defendants Josephine Hanson and Surety Bonding Company of America ("Surety") have each filed an application seeking a determination of good faith settlement under California Code of Civil Procedure § 877.6.  (Docket Nos. 182, 184.)  Hanson and Surety state they have entered into a settlement agreement with cross-claimant Tiempo Escrow II ("Tiempo") which settles Tiempo's cross-claims of indemnity, breach of duty of notary public and damages on a notary bond.  Hanson and Surety also state this settlement agreement is contingent upon the district court issuing an order that: 1) finds that their settlement with Tiempo was made in good faith under California Code of Civil Procedure § 877.6; 2) dismisses Tiempo's cross-claims alleged against them with prejudice; and 3) releases them from "[a]ll claims, known or unknown, by [Tiempo] or any other party or entity . . . arising out of the real estate transactions and notarization that are the subject of [Tiempo's] action, including but not limited to the Cross-Claim filed by Jason George Menges . . . ." (Hanson Appl. for a Good Faith Settlement Determination ("Hanson

Appl.") 4:4-10; Surety Appl. for a Good Faith Settlement Determination ("Surety Appl.") 4:5-11.)

Jason Menges, who is a defendant, cross-claimant and cross-claim defendant in Tiempo's cross-claim opposed Hanson and Surety's applications for a determination of good faith settlement in a motion filed on July 20, 2010.[1] (Docket No. 190.) Menges argues Hanson and Surety's settlement agreement with Tiempo has no preclusive effect on his separate cross-claims alleged against them. For the reasons stated below, Hanson and Surety's applications for a determination of good faith settlement are denied and Menges' opposition motion is granted.

## I. BACKGROUND

Plaintiff Susan Jette[2] alleges federal and state law claims against Orange County Financial, Inc. ("Orange County Financial"), MortgageIT, Inc. ("MortgageIT"), Tiempo, Jerry Indes and Menges related to a refinancing loan she obtained in 2006. Plaintiff alleges Menges misrepresented the terms of the loan and induced her to purchase a high interest loan she could not afford. (First Amended Compl. ("FAC") ¶¶ 24-28.) Plaintiff also alleges that at the closing

---

[1] Jason Menges contends he has been erroneously sued by Plaintiff as "Mr. Mingus." Menges' motion to contest Hanson and Surety's applications for a good faith settlement determination is accompanied by a request that the court take judicial notice of Menges' cross-claim, Tiempo's cross-claim and Hanson and Surety's applications for a good faith settlement determination. However, the court need not take judicial notice of these documents since they are part of the record in this case. Accordingly, Menges' request for judicial notice is denied as moot.

[2] In an order filed on August 11, 2010, deceased Plaintiff Barbara Ann Jette's claims were dismissed.

1  of the loan transaction, the notary, sent by Tiempo, "rushed [her]
2  through the process." (Id. ¶¶ 31, 33.)
3      Tiempo filed a cross-complaint against Orange County
4  Financial, MortgageIT, Indes, Menges, Hanson, James Figger and Surety,
5  alleging claims of indemnity, breach of duty of notary public and
6  damages on a surety bond.  Tiempo alleges that as the escrow holder in
7  Plaintiff's refinancing transaction, it "is not responsible or liable
8  for any of the wrongdoings alleged [by Plaintiff]" and "in the event
9  it is held liable . . . it is entitled to be indemnified and held
10 harmless by the cross-defendants for any costs, expenses and
11 liabilities . . . in connection with this action, including attorneys'
12 fees and costs." (Tiempo Cross-Compl. ¶¶ 20, 22.)
13      Jason Menges also filed a similar cross-complaint against
14 Orange County Financial, MortgageIT, Indes, Hanson, Figger and Surety,
15 alleging claims of equitable indemnity, breach of duty of notary
16 public, damages on a notary bond and contribution.  Menges alleges
17 that "if any party to this action recovers against Menges, then [he]
18 is entitled to indemnity from the named cross defendants . . . for
19 injuries and damages sustained by plaintiffs, . . . any sums paid by
20 way of settlement, or in the alternative, any judgment rendered
21 against Menges as a defendant [or] cross-defendant." (Menges Cross-
22 Compl. ¶ 14.)
23      Hanson and Surety state that they have negotiated a Mutual
24 Release and Settlement Agreement (the "settlement agreement") with
25 Tiempo which is intended to settle Tiempo's cross-claims alleged
26 against them.  (Martinez-Genzon Decl. in Supp. of Hanson's Appl. ¶ 3;
27 Martinez-Genzon Decl. in Supp. of Surety's Appl. ¶ 3.)  Under the
28 settlement agreement, Surety will pay $2,500 on behalf of Hanson to

settle Tiempo's cross-claims alleged against Hanson and Surety. (Martinez-Genzon Decl. in Supp. of Surety's Appl. ¶¶ 3, 4(f).)  Hanson and Surety's good faith settlement applications, however, state that the settlement agreement is contingent upon the Court's "finding and ordering: (1) that the settlement between [Tiempo] and [Surety and Hanson] is in good faith; (2) that any pending complaints by [Tiempo] for equitable relief against [Surety and Hanson] be dismissed, with prejudice, and (3) that [Surety and Hanson be] . . . discharged from any present or future claim or liability for total, partial or comparative indemnity or contribution therein regarding any and all related transactions that are the subject of [Tiempo's] Cross-Claim, including but not limited to the Cross-Claim filed by Jason George Menges . . . ."  (Hanson Appl. 4:26-5:5; Surety Appl. 5:3-9.)

## II.   LEGAL STANDARD

A settling party may seek a determination that a settlement was made in good faith under California Code of Civil Procedure § 877.6 ("section 877.6") in federal court.  <u>Fed. Sav. & Loan Ins. Corp. v. Butler</u>, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions . . . are applicable"); see also <u>Maxwell v. MortgageIT, Inc.</u>, No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. Jun. 1, 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); <u>Sunterra Corp. v. Perini Bldg. Co.</u>, No. 2:04-cv-00784-MCE-EFB, 2009 WL 2136108, at *1 (E.D. Cal. July 15, 2009) (stating that "[a] district court may properly consult the provisions of § 877.6 in determining whether an early settlement meets the requisite good faith scrutiny").  Section 877.6 provides in pertinent part:

```
            (a)(1)  Any party to an action in which it is
       alleged that two or more parties are joint
       tortfeasors . . . shall be entitled to a hearing on
       the issue of the good faith of a settlement entered
       into by the plaintiff or other claimant and one or
       more alleged tortfeasors or co-obligors . . . .

            (c)  A determination by the court that the
       settlement was made in good faith shall bar any
       other joint tortfeasor . . . from any further
       claims against the settling tortfeasor . . . for
       equitable comparative contribution, or partial
       comparative indemnity, based on comparative
       negligence or comparative fault.

            (d)  The party asserting the lack of good faith
       shall have the burden of proof on that issue.
```

Cal. Code Civ. Proc. § 877.6. Section 877.6 reflects "two major goals": "the equitable sharing of costs among the parties at fault and the encouragement of settlements." Abbott Ford, Inc. v. Superior Court, 43 Cal.3d 858, 872 (1987).

A cross-claim defendant who settles with a cross-complainant may seek a determination that the settlement was made in good faith under section 877.6. KAOM, Inc. v. Superior Court, 35 Cal. App. 4th 549, 551 (1995) (holding that cross-claim defendant who settles with a cross-complainant but not the plaintiff may seek a determination under section 877.6 that the settlement was made in good faith); see also KLS Air Express, Inc. v. Cheetah Transp. LLC, No. CIV. S-05-2593 FCD DAD, 2008 WL 159191, at *2 (E.D. Cal. Jan. 15, 2008) (finding that section 877.6 is applicable to the settlement of a cross-complainant and cross-claim defendant).

### III. DISCUSSION

Hanson and Surety argue that their settlement agreement with Tiempo "is fair and reasonable consideration for the compromise, release and waiver of claims against [them]" and warrants the dismissal of all claims "known or unknown, by [Tiempo] or any other

1 party or entity . . . arising out of the real estate transaction and
2 notarization that are the subject of [Tiempo's] action, including but
3 not limited to the Cross-Claim filed by Jason George Menges . . . ."
4 (Surety Appl. 4:8-9, 4:27-5:1.)  Menges does not dispute that Hanson
5 and Surety's settlement with Tiempo was in good faith, but rather,
6 contends that the settlement agreement does not bar his separate
7 cross-claim alleged against Hanson and Surety.

**A.   Hanson and Surety's Request for Dismissal of Menges' Cross-Claim**

9 Hanson and Surety contend that under section 877.6(c), the
10 settlement agreement with Tiempo precludes Menges' cross-claim and
11 warrants its dismissal.  (Hanson & Surety Opp'n to Menges' Mot. to
12 Contest Cross-Defs.' Appl. 3:1-5.)  Hanson and Surety argue that
13 "[u]pon determining a settlement was in good faith, the court may
14 dismiss the non-settling tortfeasors' indemnity claims against the
15 settling tortfeasor . . . .  This includes separate lawsuits for
16 indemnity as well as indemnity cross-complaints . . . ."  (Hanson and
17 Surety's Opp'n to Menge's Mot. to Contest 3:10-14.)  Menges objects to
18 the dismissal of his cross-claim, arguing that Hanson and Surety's
19 settlement with Tiempo has no bearing on their liability for his
20 separate cross-claim.  Menges contends "there is no reduction in the
21 alleged liability in [his] cross action by virtue of an unrelated
22 settlement in another cross action."  (Mot. to Contest 3:17-18.)

23 Section 877.6(c) provides that "[a] determination by the
24 court that [a] settlement was made in good faith *shall bar any joint*
25 *tortfeasor . . . from any further claims against the settling*
26 *tortfeasor* for equitable comparative contribution, or partial
27 comparative indemnity, based on comparative negligence or comparative
28 fault."  Cal. Civ. Code § 877.6(c) (emphasis added).

7

In this case, Menges is a cross-claim defendant along with Hanson and Surety in Tiempo's cross-claim but he has also asserted his own, separate cross-claim, alleging claims for indemnification against various cross-claim defendants including Hanson and Surety. Menges' cross-claim seeks indemnification from the cross-claim defendants should he be held liable on any of Plaintiff's claims or Tiempo's cross-claim. Menges, Hanson and Surety, therefore, are "joint tortfeasors" on Tiempo's cross-claim; however, they are not, and cannot be, "joint tortfeasors" for the purposes of Menges' separate cross-claim. Accordingly, the settlement agreement would only have preclusive effect on Menges ability to seek indemnification or contribution from Hanson on Surety should he be found liable on Tiempo's cross-claim; it would have no preclusive effect on Menges' cross-claim seeking indemnification and contribution from Hanson and Surety should he be found liable to Plaintiff.

The cases relied upon by Hanson and Surety in their opposition brief to Menges' motion do not suggest otherwise. Wilshire Ins. Co. v. Tuff Boy Holding, Inc., 86 Cal. App. 4th 627, 640-43 (2001) merely holds that section 877.6 applies where there are "no nonsettling defendants" and to "later-named" defendants; and Far West Fin. Corp. v. D & S Co., 46 Cal. 3d 796, 800 (1988) holds that section 877.6(c) bars "nonsettling tortfeasors from pursuing a claim for total equitable indemnity" as well as claims for partial or comparative indemnity.

Hanson and Surety, therefore, have not shown their settlement agreement with Tiempo bars Menges' separate cross-claim. Since Hanson and Surety state that the settlement agreement is contingent upon the district court finding and ordering the dismissal

of Menges' cross-claim, their applications for a determination of good faith settlement are denied and the other issues presented by their applications are not reached.

## IV.  CONCLUSION

For the stated reasons, Hanson and Surety's applications for a good faith settlement determination are denied and Menges' motion opposing these applications is granted.

Dated:  August 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

\*.   The caption in this case has been amended to reflect: the dismissal of Plaintiff Barbara Ann Jette (Docket No. 198); the dismissal of Tiempo Escrow II ("Tiempo") and the Federal Deposit Insurance Company as Receiver for IndyMac Federal Bank, FSB and IndyMac Bank F.S.B. as Defendants (Docket Nos. 140, 107, 153); Tiempo's dismissal of Indymac Bankcorp., Inc. and IndyMac Federal Bank, F.S.B. as cross-claim defendants (Docket Nos. 81, 82); and Menges dismissal of Indymac Bankcorp., Inc. and Indymac Federal Bank F.S.B. as cross-claim defendants. (Docket No. 155).

\*\*.  This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).