IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE, individual, | ) |
|         Plaintiff, | ) 2:08-cv-01767-GEB-KJN |
|     v. | ) ORDER |
| ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; TIEMPO ESCROW II, a California corporation, JERRY INDES, an individual; and MR. MINGUS, an individual, | ) |
|         Defendants. | ) |
| _____ | ) |
| TIEMPO ESCROW II, a California corporation, | ) |
|         Cross-Claimant, | ) |
|     v. | ) |
| ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; JERRY INDES, an individual; MR. MINGUS, an individual; JOSEPHINE HANSON, an individual; JAMES FIGGER, an individual dba FIRMA SIGNING SOLUTIONS; SURETY BONDING COMPANY OF AMERICA, a South Dakota corporation and DOES 1 through 10, inclusive, | ) |
|         Cross-Defendants. | ) |
| _____ | ) |
| JASON GEORGE MENGES, an individual, | ) |

1

| | |
|---|---|
| 1 | Cross-Claimant,            ) |
| 2 |                            ) |
|   |     v.                     ) |
| 3 |                            ) |
|   | ORANGE COUNTY FINANCIAL, INC., a  ) |
| 4 | corporation; MORTGAGEIT, INC., a  ) |
|   | corporation; JERRY INDES, an      ) |
| 5 | individual; JOSEPHINE HANSON, an  ) |
|   | individual; JAMES FIGGER, an      ) |
| 6 | individual dba FIRMA SIGNING      ) |
|   | SOLUTIONS; SURETY BONDING         ) |
| 7 | COMPANY OF AMERICA, a South       ) |
|   | Dakota Corporation; and DOES 1-   ) |
| 8 | 10, inclusive,                    ) |
|   |                                   ) |
| 9 |     Cross-Defendants.             |
|   | _____   |

Defendant/Cross-Defendant MortgageIT Inc. ("MortgageIT"), and Cross-Defendants Josephine Hanson ("Hanson"), Surety Bonding Company of America ("Surety"), and James Figger dba Firma Signing Solutions ("Firma") each move for a good faith settlement determination under California law. MortgageIT's motion concerns a settlement reached with Plaintiff Susan Jette, and includes a proposed order barring "all future claims in this action by any person or entity as against MortgageIT, . . . for implied indemnity, contribution or apportionment of fault, . . . ." (Mortgage IT's Proposed Order Finding Good Faith Settlement 1:22-25.) Hanson and Surety each filed a motion for a good faith settlement determination of the settlement reached with Defendant/Cross-Claimant Tiempo Escrow II ("Tiempo"), and each motion includes a proposed order barring "[a]ll claims for implied indemnity, contribution or apportionment of fault, . . . known and unknown, by [Tiempo], or any other party or entity, against [Hanson and Surety] arising out of the real estate loan transaction and notarization that are the subject of [Tiempo's] Cross-claim." (Proposed Order Re Cross Def. Josephine

1  Hanson's Appl. for Good Faith Determination 2:19-22; Proposed Order Re
2  Cross Def. Surety Bonding Company of America's Appl. for Good Faith
3  Determination 2:19-22.) Firma's motion concerns a proposed settlement
4  with Tiempo and Defendant/Cross-Claimant Jason George Menges, and
5  includes a proposed order barring "all present and future cross-claims
6  or complaints for [contribution or indemnity] against Firma . . . ."
7  (Firma's Proposed Order Determining Good Faith Settlement 2:9-12.)

8  However, on November 22, 2010, Hanson filed a Chapter 7
9  bankruptcy proceeding which stayed all claims against Hanson pursuant to
10 11 U.S.C. § 362(a). See Bigelow v. C.I.R., 65 F.3d 127, 128 (9th Cir.
11 1995) ("An automatic stay takes effect upon filing of a Chapter 7
12 bankruptcy petition."). Hanson has not addressed her authority to
13 proceed in this action in light of her bankruptcy estate. Further, it
14 has not been shown that the scope of the other motions will not
15 adversely affect Hanson in the future. "The automatic stay precludes
16 this court from taking any action that may detrimentally affect
17 [Hanson's] rights." Zimmer v. Nawabi, 2008 WL 618965, at * 1 (E.D. Cal.,
18 March 4, 2008) (citing Dean v. Trans World Airlines, Inc., 72 F.3d 754,
19 756 (9th Cir. 1995).

20 Therefore, the motions for determination of good faith
21 settlement are denied without prejudice.

22 Dated: December 15, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

3